IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

SVETLANA KUDINA, )
)
          Plaintiff, )   TC-MD 110782C
)
    v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
          Defendant. )   **DECISION OF DISMISSAL**

This matter is before the court on Defendant's motion to dismiss tax year 2007 (Motion) included in its Answer filed on June 24, 2011. Defendant moves for dismissal on the ground that Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).[1]

Defendant's Notice of Deficiency Assessment was mailed to Plaintiff on January 19, 2011. (Def's Ans at 1.) Plaintiff's appeal to the Magistrate Division was filed on May 17, 2011. That interval is longer than the 90 days required by ORS 305.280(2), which states:

> "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

Plaintiff's appeal rights expired April 20, 2011. Plaintiff's appeal is therefore untimely. Plaintiff may appeal the 2007 Notice of Assessment to the Magistrate Division if the Plaintiff first pays the account in full in accordance with ORS 305.280(3). This law states that taxpayers have two years to appeal a Notice of Assessment after tax, penalty, and interest have been paid in full.

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

Plaintiff's position seems to have shifted slightly with time. Plaintiff filed two written documents with this court. The first was titled "Plaintiff's Opposition To Defendant's Answer Dated June 21, 2011," which was filed with the court on July 22, 2011. (Ptf's Opp to Def's Ans.) After a hearing on October 26, 2011, during which the parties were instructed by the court to submit written memorandums regarding Defendant's dismissal request, Plaintiff filed on December 6, 2011, a document entitled "Plaintiff's Opposition To Defendant's Memorandum Dated November 8, 2011." (Ptf's Opp To Def's Mem.)

In her initial memorandum, Plaintiff contended that she did not receive notice of the Notice of Deficiency because it was not mailed to her last known address. (Ptf's Opp To Def's Ans at 1.) The court finds the evidence proves otherwise.

ORS 305.265(11) states:

"Mailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section."

The corresponding administrative rule provides that "[t]he department shall use the address on the most recently filed return as the last known address unless the taxpayer has notified the department in a writing or through a documented phone call that this address is incorrect." OAR 150-305.265(11).

On August 6, 2010, Plaintiff filed a 2007 part-year return using the address 13717 NW 2nd Ave, Apt. No. F73 in Vancouver WA 98685. (2nd Ave.) (Def's Ex A1) On August 23, 2010, Defendant updated its records later that month to reflect a change in Plaintiff's address, relying on the information in Plaintiff's 2007 return, in accordance with the statute and rule set forth above. Defendant subsequently adjusted the Plaintiff's 2007 return and determined a tax was owing. Defendant mailed Plaintiff a Notice of Deficiency on November 22, 2010, followed by a Notice of Deficiency Assessment on January 19, 2011. (Def's Exs C1; D1) Both notices

were mailed to Plaintiff's last known address, which was the 2nd Ave. address from Plaintiff's 2007 return. (*Id.*)

On January 21, 2011, two days after the Notice of Deficiency Assessment was mailed, Plaintiff filed her 2010 return which reflects a different address (43rd Ave.) than the 2007 return. However, with regard to the assessment, Defendant complied with the legal notice requirement per ORS 305.265(11). Plaintiff's appeal was not timely filed and her challenge to the assessment notice is therefore without legal merit.

In her second memorandum to the court filed December 6, 2011, Plaintiff makes several claims that the court finds difficult to comprehend but which appear to be as follows. Plaintiff claims that her address was the 43rd Ave. address from December 2008 through December 2011. (Ptf's Opp To Def's Mem at 1.) Plaintiff then asserts that the deficiency was mailed to the 43rd Ave. address and that Defendant has failed to produce any evidence to show that she filed a change of address. (*Id.*) The 2007 return filed by the Plaintiff, with the 2nd Ave. address, is sufficient to effect a change of address.

Plaintiff further claims she never received either a Notice of Deficiency or a Notice of Deficiency Assessment. (*Id*. at 2.) Receipt of a document is not legally mandated under ORS 305.265. Notice mailed to the person's last known address constitutes proper notice under the statute. ORS 305.265(11). Additionally, Plaintiff submitted a copy of the Notice of Deficiency, dated November 22, 2010, purportedly sent to the 43rd Ave. address.[2] As stated earlier, Plaintiff asserts that her correct address has been 43rd Ave. since 2008. If the previous two assertions are true (the deficiency was sent to the 43rd Ave. address and Plaintiff lived at

---

[2] Defendant also submitted a copy of the Notice of Deficiency that contained the 2nd Ave. address, as opposed to the 43rd Ave. one. It is possible that Defendant sent a Notice of Deficiency to both addresses. Defendant also submitted copies of the Notice of Deficiency Assessment, and the 2007 return. All three documents submitted by Defendant contained the 2nd Ave. address.

that address), the court is hard-pressed to believe that Plaintiff did not receive the Notice of Deficiency. Moreover, as indicated earlier, receipt is not required and it is the assessment, not the deficiency, that triggers the right of appeal. ORS 305.265(15).

Finally, Plaintiff seems to be implying that the Notice of Deficiency Assessment is invalid because it did not go to the last known address. If her argument is that her correct address is the 43rd Ave. address, but that the Notice of Deficiency Assessment went to the 2nd Ave. address, and is therefore invalid because it did not go to the last known address, the court simply disagrees. The court is persuaded, based on documents provided by Defendant, that Defendant has adequately demonstrated that under the law, Plaintiff's last known address was the 2nd Ave. address, because that was the address on the last return Defendant received from Plaintiff prior to issuing the assessment. Defendant has shown that it sent the Notice of Deficiency and Notice of Deficiency Assessment to the 2nd Ave. address. It was two days after Defendant issued the Notice of Deficiency Assessment that Defendant received Plaintiff's 2010 return with the 43rd Ave. address.

Plaintiff's appeal was not timely filed under 305.280(2). The court is not aware of any circumstances that extend the statutory limit of 90 days, other than the provision in subsection (3) of that statute, which is discussed above. There is no indication in the record that Plaintiff has paid the tax, therefore the two-years from the date of tax provision in ORS 305.280(3) does not apply. Therefore, Defendant's motion to dismiss must be granted. Now therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

The Complaint is dismissed.

Dated this ____ day of February 2012.

_____
DAN ROBINSON
MAGISTRATE

***If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.***

***This document was signed by Magistrate Dan Robinson on February 10, 2012. The Court filed and entered this document on February10, 2012.***